[Civ. No. 14374. Fourth Dist., Div. One. July 1, 1976.]

AVELINO CABE DOLIENTE, Plaintiff and Respondent, v.
GERALD J. LONERGAN, as County Auditor, etc.,
et al., Defendants and Appellants.

COUNSEL

Robert G. Berrey, County Counsel, and Jack Limber, Deputy County Counsel, for Defendants and Appellants.

Neal & Bergeson and Lester H. Bergeson, for Plaintiff and Respondent.

OPINION

**BROWN (Gerald), P. J.**—The San Diego County Superior Court granted Avelino Cabe Doliente's petition for a writ of mandate, requiring San Diego County (County), a subdivision of the State of California, to continue him as a County employee, and holding unconstitutional two penal provisions in the county charter limiting county employment to United States citizens. The County appeals the judgment.

Sections 41 and 89 of the county charter prohibit the County from hiring any person who is not a United States citizen. A person who has declared his intent to become a citizen is excepted and may be hired, but

loses the exception *if he fails* to secure his naturalization certificate within six months *after the time he is entitled to secure it.* Any person convicted of violating sections 41 and 89 is subject to imprisonment of no more than six months or a fine of no more than $500, or both.

The facts are not in dispute. Doliente, a citizen of the Philippines, lawfully entered the United States in August 1968. A year later he declared his intention of becoming a United States citizen. In November 1969 the County employed him in its classified service. In 1973, having resided continuously in the United States for five years, Doliente became eligible to petition for citizenship (8 U.S.C.A. § 1427). He promptly filed his petition. In February 1974 the County sent Doliente a letter allowing him two months and one week in which to be naturalized or suffer discontinuance of pay. The letter acknowledged Doliente had petitioned for citizenship, adding "the Immigration and Naturalization Service has a tremendous backlog of work which has delayed the normal processing of applications." The letter anticipated Doliente soon would be scheduled to appear in court for naturalization, and asked him to present the County with evidence of naturalization as soon as he received it. A virtually identical letter again was sent to Doliente in April, extending the deadline to July 15, 1974, within which to comply. The time was orally extended another week. The backlog was not broken; through no fault of Doliente, he did not receive his citizenship papers in time. He brought this action for declaratory relief and mandate.

▮ Because of their forfeiture and penal features, sections 41 and 89 of the county charter must be strictly construed against the County, and be liberally construed in favor of Doliente.

Our interpretation of the charter sections is premised upon an employee's timely petitioning for citizenship following eligibility, and his diligently pursuing his efforts at every stage. Up to this point Doliente has done everything within his power timely to obtain his naturalization papers. *He* did not *fail* to secure them. It was another branch of government—the Immigration and Naturalization Service—which failed, because of a tremendous backlog of work, to process his petition expeditiously.

Moreover, although eligible for United States citizenship, Doliente is not *entitled* to secure his naturalization certificate until he has been investigated and a report has been filed by the Immigration and

Naturalization Service (8 U.S.C.A. § 1446). Such has not taken place. Thus the charter's exception is not lost. In other words, under the circumstances of this case there has been no failure by Doliente to secure his naturalization certificate within six months after the time he is entitled to secure it. He is not entitled to secure it until the Immigration and Naturalization Service has reported on Doliente's application. The six months' period has not begun to run.

Since the judgment should be affirmed for the reasons stated above, we should exercise judicial restraint and not reach the constitutional issue.

Judgment affirmed.

Ault, J., and Cologne, J., concurred.